# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAZIL, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00768-BAM (PC)<br><br>ORDER CONSTRUING REQUEST FOR JUDICIAL NOTICE AS MOTION FOR RELIEF FROM FILING FEE<br>(ECF No. 10)<br><br>DENYING MOTION FOR RELIEF FROM FILING FEE<br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE JULY 18, 2024 ORDER ON PLAINTIFF |

Plaintiff Frank Monaco Bazzo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion to proceed *in forma pauperis* was granted on July 18, 2024.  (ECF Nos. 8, 9.)

On November 14, 2024, Plaintiff filed a document titled "Request for Judicial Notice Strike Fee."  (ECF No. 10.)  In the filing, Plaintiff states that the trust office statement reflects a $350 fee from this Court, even though Plaintiff is indigent and cannot pay the fee.  Plaintiff requests that the Court strike the fee or request a certified account verification of by the trust office reflecting a balance of $0.38.  Plaintiff further states that the last communication he received from the Court was on July 2, 2024.  Plaintiff attaches a copy of his inmate trust statement.  (*Id.*)  The Court construes the filing as a motion for relief from the filing fee.

Plaintiff is informed that although the Court found that Plaintiff was unable to prepay the filing fee for this action, he remains obligated to pay the full amount of the filing fee.  In the Court's July 18, 2024 order granting Plaintiff's motion to proceed *in forma pauperis*, it was explained to Plaintiff that he was obligated to pay the statutory filing fee of $350.00 for this

1

action, in monthly payments of twenty percent of the preceding month's income credited to his trust account. (*Id.* at 2.) The Director of the California Department of Corrections or his designee was ordered to send to the Clerk of the court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. (*Id.* (citing 28 U.S.C § 1915(b)(2))). The entire $350.00 filing fee is statutorily required, and must be collected from Plaintiff's institutional account regardless of the outcome of this action. *See, e.g.*, *Myers v. Pulido*, No. 1:16-cv-00638-SAB-PC, 2016 WL 6723937, at *1 (E.D. Cal. Nov. 14, 2016).

Plaintiff is also reminded that when he completed his application to proceed *in forma pauperis*, he signed the application and "authorize[d] the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2)." (ECF No. 8, p. 2.) The fact that Plaintiff currently does not have money in his trust account does not remove his obligation to pay the filing fee from future deposits to his account. As a result, Plaintiff's motion to be relieved of the obligation to pay this fee is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for judicial notice, (ECF No. 10), is CONSTRUED as a motion for relief from the filing fee;
2. Plaintiff's motion for relief from the filing fee, (ECF No. 10), is DENIED; and
3. The Clerk of the Court is DIRECTED to re-serve the July 18, 2024 order granting Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 9), on Plaintiff at his current address of record.

IT IS SO ORDERED.

Dated:  **November 18, 2024**           /s/ *Barbara A. McAuliffe*           
                                              UNITED STATES MAGISTRATE JUDGE