# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAZIL,<br><br>    Defendants. | Case No. 1:24-cv-00768-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Frank Monaco Bazzo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

Based on a preliminary review of the complaint, on January 16, 2025 the Court ordered Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed as barred by *res judicata* or barred by the *Rooker-Feldman* doctrine. (ECF No. 12.) Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this action, with prejudice. (*Id.* at 7.) Plaintiff did not file a response, and the deadline to do so has expired.

Plaintiff's complaint is currently before the Court for screening. (ECF No. 1.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1    A complaint must contain "a short and plain statement of the claim showing that the
2  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
5  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
6  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
7  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
8    To survive screening, Plaintiff's claims must be facially plausible, which requires
9  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
10 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
11 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
12 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
13 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

14 **II.    Plaintiff's Allegations**

15    Plaintiff is currently housed at Valley State Prison in Chowchilla, California.  The events
16 in the complaint are alleged to have occurred while Plaintiff was housed at California Substance
17 Abuse and Treatment Facility ("SATF").  Plaintiff names as defendants: (1) S. Brazil,
18 correctional officer; (2) Alia,[1] correctional officer; (3) Does 1–5, correctional officers; and (4)
19 Warden A. Sherman.  Plaintiff alleges as follows:

20    In claim 1, Plaintiff alleges Eighth Amendment violation for loss of property right and
21 "allowance to assault by others."  During COVID, stringent measures of restriction Defendant
22 Brazil allowed two skin head known for inmate assault to invade Plaintiff's section B completely
23 segregated from section C and assault Plaintiff and batter him.  Plaintiff was injured, requiring 23
24 "stays" in the hospital.

25    Defendant Brazil lost Plaintiff's property or disposed of Plaintiff's property as it was his
26 duty to pack up Plaintiff's property as required by CDCR Operational manual.  The battery and

27

28 [1] It is unclear if "Alia" is the name of a person or another "Doe" defendant.

2

Defendant Brazil's initial cause forced Plaintiff to be relegated to AdSeg where Plaintiff suffered a denial of a huge medical need for 10 hours.

In claim 2, Plaintiff alleges Eighth Amendment right to medical care. Once taken to administrative segregation, Plaintiff was denied meds, dinner, and permanent medical supplies. Plaintiff, known to CDCR, suffered from Atrial Fibrillation and bradycardia, but denying meds was the first violation. Two hours post AdSeg isolation with no property and basic needs denied, Plaintiff began suffering symptoms of sick sinus syndrome, low heart rate, Arrhythmias, SOB, chest pain, syncope, confusion. Plaintiff "tried for 10 hours to access to a serious quasi-fatal at age 80, medical need." Doe number 1 deliberately denied Plaintiff care for two hours and delayed emergency medical intervention. Doe number 2 did the same for 8 hours. Plaintiff was found semi-comatose in the a.m. and had pace maker implanted.

In later pages to the complaint, Plaintiff describes what appears to be a prior adjudication of the claims in this suit. Plaintiff alleges that Plaintiff filed his action in Superior Court in Hanford, California. He does not provide any dates. The Attorney General filed a motion for summary judgment on behalf of the guards. Plaintiff alleges several issues of fact existed and Plaintiff opposed the motion. The trial judge nonetheless granted the summary judgment. Plaintiff filed a notice of appeal to the Court of Appeal for the Fifth District. The Fifth District rejected the briefing because Plaintiff had not supplied a complete record. De novo review was denied by the Supreme Court. Plaintiff states that "[he] has no other remedy but to file the complaint de novo in the federal court[.]" (ECF No. 1, p. 7.)

As remedies, Plaintiff seeks compensation for lost property, compensatory, and punitive damages.

**III.     Fifth District Court of Appeal Decision**

The Court of Appeal did indeed address claims similar or identical to those alleged in this action. In *Bazzo v. Brazil*, No. F085521, 2024 WL 797132, at *1 (Cal. Ct. App. Feb. 27, 2024), review denied (May 29, 2024), the appellate court affirmed the trial court's grant of summary judgment in favor of Defendant Brazil and against Bazzo. The opinion is not long, because the Court was not provided with an adequate trial court record. The factual recitation in the Court's

decision is set forth below:

> "We glean the following vague facts from the trial court's order granting summary judgment: Bazzo is a prisoner, and Brazil is an officer at the prison where Bazzo is housed. One day, Brazil "release[d]" inmates from two "sections" so that those inmates could get their medications dispensed to them. Bazzo was assaulted by other inmates, and Brazil "immediately responded to the altercation[.]" Bazzo sued for negligence and alleged Brazil conspired with the inmates to allow him to be attacked. It also appears Bazzo alleged that some of his personal property was lost or damaged, which he blames on Brazil. It is unclear from the order what else happened or what specific causes of action besides negligence Bazzo sued for. In any event, Brazil moved for summary judgment, and the court granted the motion and entered a judgment for him."

*Bazzo v. Brazil*, No. F085521, 2024 WL 797132, at *1 (Cal. Ct. App. Feb. 27, 2024), review denied (May 29, 2024). Thus, the subject matter and parties appear to be the same in both the instant action and the *Bazzo v. Brazil* action.

**IV.   Discussion**

Plaintiff's complaint fails to state a cognizable claim for relief and is barred by claim preclusion or by the *Rooker-Feldman* doctrine.

### A.   Claim Preclusion or *Res Judicata*

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to

give state court judgments the same res judicata effect that they would be given by another court of that state."). The Ninth Circuit has made it clear that a section 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Gonzales v. Cal. Dep't. of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "reasoned denials of California habeas petitions" have claim-preclusive effect on subsequent civil litigation); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). California's claim preclusion law therefore governs whether Plaintiff's § 1983 claim may be brought in federal court. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016); *see also Anderson v. Mendoza*, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018), appeal dismissed, No. 19-15428, 2019 WL 4271992 (9th Cir. July 9, 2019) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.").

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

"California's *claim preclusion* case law . . . prevents relitigation 'between the *same parties* or *parties* in privity with them.'" *Furnace*, 838 F.3d at 1028 (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person

1  "so identified in interest with a party to former litigation that he represents precisely the same

2  right" being adjudicated. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest*

3  *Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)); *Nordhorn v. Ladish*

4  *Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that

5  one is the virtual representative of the other, a claim by or against one will serve to bar the same

6  claim by or against the other.") (citation omitted).

7  "A judgment is on the merits for purposes of res judicata if the substance of the claim is

8  tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (citation and

9  internal quotation marks omitted).

10  It appears the allegations in this instant case are nearly identical to the claims in *Bazzo v.*

11  *Brazil*. Both cases accuse Brazil of allowing inmates to attack Plaintiff, failing to provide

12  medical care, and taking Plaintiff's property. In the prior case, the trial court granted summary

13  judgment to Defendant Brazil and against Plaintiff Bazzo. Thus, the prior case involved a

14  judgment on the merits.

15  **B.**   ***Rooker-Feldman* Doctrine**

16  The "*Rooker-Feldman* doctrine" generally bars federal district courts from exercising

17  subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Wolfe*

18  *v. George*, 486 F.3d 1120 (9th Cir. 2007). The Supreme Court emphasized in *Exxon Mobil Corp.*

19  *v. Saudi Basic Industries Corp.* that the *Rooker-Feldman* doctrine "is confined to cases of the

20  kind from which the doctrine acquired its name: cases brought by state-court losers complaining

21  of injuries caused by state-court judgments rendered before the district court proceedings

22  commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman*

23  does not otherwise override or supplant preclusion doctrine or augment the circumscribed

24  doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court

25  actions." 544 U.S. 280, 284 (2005).

26  As stated above, it is unclear if Plaintiff seeking for this Court to review the Court of

27  Appeal's decision.

28  ///

**V.      Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's complaint is barred by claim preclusion or barred by the *Rooker-Feldman* doctrine and fails to state a cognizable claim for relief.  The deficiencies in the complaint cannot be cured by amendment.  Therefore, the Court finds that granting leave to amend would be futile and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED THAT this action be dismissed, with prejudice, as barred by claim preclusion or barred by the *Rooker-Feldman* doctrine and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 18, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE