**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>Plaintiff,<br><br>v.<br><br>BRAZIL, *et al.*,<br><br>Defendants. | No. 1:24-cv-00768 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 14) |

Plaintiff Frank Monaco Bazzo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 16, 2025, the assigned magistrate judge screened the complaint and issued an order for Plaintiff to show cause why this action should not be dismissed as barred by *res judicata* and/or the *Rooker-Feldman* doctrine given the substantially similar, unsuccessful action filed by Plaintiff in state court. (Doc. 12); *see also Bazzo v. Brazil*, No. F085521, 2024 WL 797132, at *1 (Cal. Ct. App. Feb. 27, 2024). Following Plaintiff's failure to file a response, on February 19, 2025, the magistrate judge issued findings and recommendations to dismiss this action, with prejudice, as barred by *res judicata* and/or the *Rooker-Feldman* doctrine and for failure to state a cognizable claim upon which relief may be granted. (Doc. 14); *see also Cramer v. Dickinson*, No. 1:08-cv-00375 AWI GSA (PC), 2013 WL 1192402, at *1 (E.D. Cal. Mar. 21, 2013), aff'd, 586 F.

1

1 App'x 381 (9th Cir. 2014) (dismissal on res judicata grounds constitutes dismissal for failure to
2 state a claim, which qualifies as a strike under the PLRA). After receiving an extension of time,
3 Plaintiff timely filed objections on March 12, 2025. (Doc. 18.)

4 Plaintiff's objections do not meaningfully call into question the magistrate judge's
5 reasoning and recommendations. Plaintiff appears to assert that: (1) this action is not based on
6 issues similar to those raised in his state lawsuit in part because the instant case is not exclusively
7 focused on the state court's "biased errors"; (2) the state court did not actually decide the merits
8 of the action because it did not mention the "biggest injuries" raised by Plaintiff in that action; (3)
9 he was not permitted to conduct proper discovery toward the primary claim in his state court
10 action; and (4) even if the state court action included allegations of fact regarding this claim, the
11 state substantially disregarded those allegations. (*See generally* Doc. 18.) Plaintiff insists that he
12 did not intend for the instant federal action to be an appeal of the state court judgment. (*Id.* at 3.)

13 Despite Plaintiff's assertions to the contrary, Plaintiff's objections make clear that he is
14 attempting to obtain review of a prior state court action in which he raised, or attempted to raise,
15 the same substantive claims raised in the instant action. Plaintiff's claims that he was denied a fair
16 proceeding in state court and the prior decisions should be set aside for fraud, confirm that this is
17 precisely the relief Plaintiff is now seeking.

18 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
19 *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's
20 objections, the Court concludes the findings and recommendations are supported by the record
21 and by proper analysis. Thus, the Court **ORDERS**:

22 1. The findings and recommendations issued on February 19, 2025, (Doc. 14), are
23 **ADOPTED IN FULL**.
24 2. This action is **DISMISSED**, with prejudice, as barred by *res judicata* and/or barred by the
25 *Rooker-Feldman* doctrine and for failure to state a claim.

26 ///
27 ///
28 ///

2

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE